# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ABBAS ROSTAMI,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, L.P., *et al*.,

    Defendants.

Case No. 2:11-CV-02121-KJD-GWF

**ORDER**

    Before the Court is the Motion to Dismiss filed by Defendants BAC Home Loans Servicing L.P., Recontrust Company, N.A., Federal National Mortgage Association, and Mortgage Electronic Registration System, Inc. (collectively "Defendants"). Plaintiff filed an opposition to this motion. These motions were filed in state court and removed with the case here (Dkt. #1).

I. Background

    On November 21, 2006, Plaintiff executed a note for $75,750 secured by Deed of Trust on real property located at 329 East Van Wagenen Street, Henderson, Nevada (the "Property"). Countrywide Home Loans was the lender, Defendant Recontrust was the Trustee, and MERS was the Nominee and Beneficiary named by the lender.

    Plaintiff had difficulty making payments and was given multiple forbearances beginning in December 2009. Defendants assert that each of the forbearances expired before Plaintiff provided

proper documentation which would have facilitated the loan modification process. According to Defendants, in October 2010, Plaintiff failed to make required mortgage payments and ReconTrust recorded a notice of Default on January 27, 2011. On January 26, 2011, MERS assigned the interest in the Deed of Trust to Defendant BAC Home Loans Servicing, LP, f/ka/ Countrywide Home Loans, Inc. On April 25, 2011, the Nevada Foreclosure Mediation issued a certificate. BAC assigned its beneficial interest in the Property to Defendant Federal National Mortgage Association ("Fannie Mae") on June 29, 2011. A Trustee's sale was held on July 1, 2011 and Fannie Mae purchased the property.

Defendants commenced an unlawful detainer action in Henderson Justice Court. The Henderson Justice Court issued a writ, but stayed enforcement until November 6, 2011. Plaintiff remains in possession of the Property. On October 27, 2011, Plaintiff filed a complaint and lis pendens in Clark County District Court and eventually the action was removed here. Plaintiff's complaint alleges wrongful foreclosure, civil conspiracy, and quiet title and seeks injunctive relief.

II. Discussion

    A.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

1    In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when
2 considering motions to dismiss.  First, a district court must accept as true all well-pled factual
3 allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.
4 Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory
5 statements, do not suffice.  Id. at 1949.  Second, a district court must consider whether the factual
6 allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially
7 plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable
8 inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint
9 does not permit the court to infer more than the mere possibility of misconduct, the complaint has
10 "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks
11 omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,
12 the complaint must be dismissed.  Twombly, 550 U.S. at 570.

13    Plaintiff is representing himself *pro se*.  Courts must liberally construe the pleadings of pro se
14 parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, "pro se
15 litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of
16 record."  Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

17    B.  Wrongful Foreclosure

18    Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender
19 wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner
20 was not in default on the mortgage loan.  See Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d
21 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether
22 nonpayment was appropriate); see also Haley v. Elegen Home Lending, LP, 2010 WL 1006664, *1
23 (D.Nev. 2010) ("[a]n action for wrongful foreclosure requires that, at the time of the foreclosure sale,
24 the plaintiff was not in breach of the mortgage contract.")

25    Plaintiff has failed to allege that he was current on his mortgage and admits that he had not
26 been current on his payments for several months prior to the initiation of the foreclosure proceedings.

However, Plaintiff alleges that he was making payments pursuant to a forbearance agreement when the foreclosure was initiated.  Defendants assert that Plaintiff repeatedly failed to provide necessary documentation to obtain a modification and that the forbearance agreements had expired when the foreclosure process began.  Because Plaintiff alleges that he was not in breach, dismissal at this stage in inappropriate.  Accordingly, Plaintiff's wrongful foreclosure claim survives only on the issue of whether he was making payments pursuant to a valid forbearance agreement.

Plaintiff's other arguments supporting his claim of wrongful foreclosure, including the discredited "show me the note" theory, assertion that securitization or government bailouts eliminated his obligation, fraud claims, and argument that MERS could not assign the deed of trust, are all dismissed because they fail to state a plausible claim for relief.  Plaintiff may not raise these arguments in any subsequent pleadings.

### C.  Civil Conspiracy

A plaintiff pleading conspiracy must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the existence of a conspiracy.  Twombly 550 U.S. at 556.   To properly plead a claim for civil conspiracy, a plaintiff must set forth facts showing: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. GES, Inc. v. Corbitt, 21 P.3d 11, 15 (Nev.2001).  Further, the cause of action must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(B) including specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." Arroyo v. Wheat, 591 F.Supp. 141, 144  (D.Nev.1984).

Plaintiff's complaint does not plausibly state a claim for civil conspiracy.  Plaintiff asserts that "the civil conspiracy claim is all but a foregone conclusion," but does not identify with particularity who was involved in the conspiracy, how they were involved, or how they joined the conspiracy.  To the extent Plaintiff alleges any basis for the alleged civil conspiracy, it is related to aspects of the wrongful foreclosure claim that have been dismissed.  Accordingly, the claim for civil conspiracy fails.

D. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S.§ 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985). A borrower cannot quiet title to a property without discharging any debt owed. See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5 (D.Nev. 2010). Courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

Even if the Court accepts Plaintiff's claim that he was making payments pursuant to a forbearance agreement at the time foreclosure was initiated, Plaintiff's Complaint fails to provide any indication that the debt he owes on the Property has been extinguished and that he has a right to quiet title. Accordingly, Plaintiff's quiet title and claim fails as a matter of law and is dismissed.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#1) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's wrongful foreclosure claim survives only on the issue of whether he was making payments pursuant to a valid forbearance agreement.

**IT IS FURTHER ORDERED** that Plaintiff is precluded from raising the arguments dismissed in this Order.

DATED this 7th day of January 2013.

_____
Kent J. Dawson
United States District Judge