# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ABBAS ROSTAMI, | ) | |
|         Plaintiff, | ) | Case No.  2:11-cv-02121-APG-GWF |
| vs. | ) | **ORDER** |
| BAC HOME LOANS SERVICING, LP, *et al.*, | ) | Motion to Compel (#32); Motion for Leave to Serve Excess Discovery Requests (#33); Motion for Sanctions (#34) |
|         Defendants. | ) | |

      This matter comes before the Court on Plaintiff's Motion to Compel (#32), Motion for Leave to Serve Additional Discovery Requests (#33), and Motion for Sanctions (#34), filed together on September 30, 2013.  Plaintiff seeks an order compelling Defendant BAC Home Loans ("Defendant") to respond further to Plaintiff's second set of discovery requests, and leave to serve more than 25 interrogatories.[1]  Finally, Plaintiff seeks sanctions for Defendant's allegedly deficient responses.

      Plaintiff asserts that Defendant provided no responses to Plaintiff's Request for Production of Documents, and improperly objected to nearly all of Plaintiff's Interrogatories and Requests for Admissions.  "All motions to compel discovery," however, "shall set forth in full the text of the discovery originally sought and the response thereto, if any."  Local Rule 26-7(a).  Furthermore, the Court will not consider any discovery motions "unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."  Local Rule 26-7(b).

. . .

---

[1] Plaintiff's Motion for Leave to Serve Additional Interrogatories (#33) also moves alternatively for a 30-day extension of the discovery deadline.

Here, Plaintiff has not included within his Motion to Compel (#32) the original discovery requests or Defendant's responses. Moreover, Plaintiff does not certify that he met and conferred with Plaintiff regarding the disputed discovery. Therefore, the Court will strike Plaintiff's Motion to Compel (#32) and Motion for Leave (#33). Because the Court will only consider imposing sanctions on Defendant if Plaintiff is successful on his Motion to Compel (#32), *see* Fed. R. Civ. P. 37(a)(5)(A), the Court will deny Plaintiff's Motion for Sanctions (#34). Plaintiff is instructed to meet with Defendant in a good-faith effort to resolve these discovery disputes before re-filing his Motions (#32, #33). In the event that the meet-and-confer efforts are unsuccessful, Plaintiff must certify that he made such efforts pursuant to LR 26-7(a) in any re-filed motion. The Court further instructs Plaintiff that, in addition to providing the Court with the discovery requests and the responses thereto in a motion to compel, he must also explain with particularity why each disputed response or objection is inadequate or invalid. *See Rackliffe v. Rocha*, 2012 WL 1158855, at *1 (E.D. Calif. 2012). If inclusion of the requests and responses would extend the motion to compel beyond LR 7-4's 30-page limit, he may include them as an exhibit to the motion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#32) is **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Submit Additional Discovery Requests (#33) is **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (#34) is **denied** without prejudice.

DATED this 3rd day of October, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge